IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01184-WYD-CBS

ROLANDO MORENO;
NORMA LUNA;
TOMAS COMPARAN; and
FRANCISCO ZAMORA,

    Plaintiffs,

v.

COLORADO BASEMENT COMPANY, LLC., a Colorado Limited Liability Company;
LIGHTNING CONSTRUCTION COMPANY, a Colorado general partnership;
LOMA CONSTRUCTION COMPANY, a Colorado sole proprietorship;
MICHAEL B. GILBERTSON, an individual;
JOE LOMA, an individual;
PETE LOMA, an individual; and
PETE J. LOMA, an individual,

    Defendants.

_____

**ORDER DISCHARGING ORDER TO SHOW CAUSE**
_____

THIS MATTER is before the Court on the Response to Order to Show Cause, filed May 7, 2007 (docket #57) by John Kelley.

By way of background, I note that on December 13, 2006, I entered default judgment against the named Defendants in this case, including Colorado Basement Company, LLC ("CBC") and Michael B. Gilbertson. On April 3, 2007, Plaintiffs filed a Motion for Order to Show Cause Under C.R.C.P. 106(a)(5), (docket #53), requesting that I issue an order to show cause why John N. Kelley ("Kelley") should not be bound by the judgment entered in this action. Rule 106(a)(5) provides that:

> When judgment is recovered against one or more of several persons jointly indebted upon an obligation, at it is desired to proceed against the persons not originally served with the summons who did not appear in the action. Such persons may be cited to show cause why they should not bound by the judgment in the same manner as though they had been originally served with the summons, and in his answer any such person may set up any defense either to the original obligation or which may have arisen subsequent to judgment, except a discharge from the original liability by the statute of limitations.

The Colorado Supreme Court has stated that an order to show cause under Rule 106(a)(5) is appropriate in cases where the plaintiff has been unable to collect a judgment and an individual comes to light who would be liable for payment of the judgment but had not been served with a summons and had not appeared in the action. *Gutrich v. Cogswell & Wehrle*, 961 P.2d 1115, 1119 (Colo. 1998). In a case involving a joint partnership, the Colorado Supreme Court found that Rule 106(a)(5) may provide relief when: "(1) the plaintiff could not have determined the existence or status of individual partners despite reasonable attempts to ascertain their identities; or (2) the plaintiff could not effectuate personal jurisdiction in the original action; or (3) some other reason beyond the control of the plaintiff prevented the plaintiff from naming and serving the individual partners." *Gutrich*, 961 P.2d at 1119-20.

In support of their request for a order to show cause, Plaintiffs asserted that at the time they filed the Complaint, they believed that at all times material to their claims, CBC was the sole proprietorship of Defendant Gilbertson. However, following entry of default judgment, Plaintiffs discovered that John N. Kelley and Diane Kelley were listed as lessees of a 2005 Dodge truck owned by CBC. Based on this new information, and

the fact that John N. Kelley was listed on the CBC Articles of Organization on August 31, 2005, and other information previously known, Plaintiffs believed that John N. Kelley was acting as a business partner with Defendant Gilbertson.

On April 10, 2007, I issued an Order to Show Cause to John N. Kelley, ordering him to show cause in writing why he should not be bound by the default judgment entered in this case.  In his response to the Order to Show Cause, Mr. Kelley states that "[h]e has on no occasion been involved with the business of Colorado Basement Company or the failed start of Colorado Basement Company LLC."  He further states that the vehicle leased to Defendant Gilbertson was "for personal use . . . as a father and mother to a son not as a partner in business."  Finally, Mr. Kelley contends that he was incorrectly listed in the Articles of Organization for Colorado Basement Company LLC, which were filed with the Colorado Secretary of State, and that his name was removed from the filing on the day he discovered his name had been used.

Upon review of the response, I find that Plaintiffs have not demonstrated that John N. Kelley was a partner in Defendant Colorado Basement Company, LLC.  Therefore, John N. Kelley shall not be individually bound by the judgment, entered on December 13, 2006.  In light of the foregoing, it is hereby

ORDERED that the Order to Show Cause entered April 10, 2007 is hereby **DISCHARGED**.

Dated: June 11, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge